# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER MARIE BOONE,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | Case No. CV 13-3677 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Heather Marie Boone ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Five issues are presented for decision here:

1. Whether the Administrative Law Judge ("ALJ") assigned appropriate weight to Plaintiff's treating physicians, Drs. Girion and Beck, (*see* Joint Stip. at 4-6, 13-14);

2. Whether the ALJ properly determined the listing of impairments, (*see id.* at 14-16, 18-19);

3. Whether the ALJ properly determined Plaintiff's residual functional capacity ("RFC"), (*see id.* at 19-23);

1        4.     Whether the ALJ properly evaluated Plaintiff's credibility, (*see id.* at 23-25, 29-30); and

       5.     Whether the ALJ properly considered the lay witness statements. (*See id.* at 25).

The Court addresses, and rejects, Plaintiff's contentions below.

     A.     <u>The ALJ Assigned Proper Weight to Plaintiff's Treating Physicians</u>

Plaintiff first asserts that the ALJ improperly weighted the opinions of her treating physicians, Drs. Girion and Beck. (*See* Joint Stip. at 4-6, 13-14.)

"Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *see Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) ("[T]he treating physician's opinion is not necessarily conclusive as to either a physical condition or the ultimate issue of disability.").

An ALJ may discount the treating physician's opinion when it is not supported by objective evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997). "When evidence in the record contradicts the opinion of a treating physician, the ALJ must present 'specific and legitimate reasons' for discounting the treating physician's opinion, supported by substantial evidence." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (*quoting Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)).

The Court is persuaded that the ALJ properly rejected the opinions of Drs. Girion and Beck. Three reasons guide this determination.

First, the ALJ relied on examining physician Pierce's opinion. (Administrative Record ("AR") at 27.) An examining physician's opinion may constitute substantial evidence if the "nontreating physician relies on independent

2

clinical findings that differ from the findings of the treating physician." *Magallanes*, 881 F.2d at 751; *see Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998); *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). Here, the record reveals that Dr. Pierce conducted an extensive and independent examination of Plaintiff. (*See* AR at 414-19.) Further, he ran multiple objective psychological tests, including the Wechsler Adult Intelligence Scale and the Minnesota Multiphasic Personality Inventory test. (*See id.*) As such, Dr. Pierce's opinion was based on specific objective evidence in the record, and thus constitutes substantial evidence.

Second, the ALJ properly assigned limited weight to the opinions of Drs. Girion and Beck because they were not supported by objective clinical findings. (AR at 27); *see Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.") Here, neither doctor referenced any objective testing in the treatment notes. (*See* AR at 490-501, 733-34.)

Finally, the ALJ properly found that Drs. Girion and Beck "both based their analyses on [Plaintiff's reported] history of job instability." (*Id.* at 27); *see Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989) (ALJ properly rejected treating physician's report because that opinion was premised on claimant's subjective complaints, which the ALJ properly discounted). Here the joint treatment notes, signed by Drs. Girion and Beck, largely repeat Plaintiff's subjective statements, which were properly rejected, as described below. (*See* AR at 490-501.)

Accordingly, for the reasons stated above, the ALJ properly rejected the opinions of Drs. Girion and Beck.

B.   The ALJ Properly Assessed the Listing of Impairments

Next, Plaintiff claims that the ALJ erred in finding that Plaintiff did not meet Listing 12.04 for Affective Disorders. (*See* Joint Stip. at 14-16, 18-19.) Specifically, Plaintiff argues that Dr. Pierce's November 9, 2011consultative

examination report shows that Plaintiff satisfies the B criteria of Listing 12.04. (*Id.* at 16.)

"For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). "The mere diagnosis of [a listed] impairment . . . is not sufficient to sustain a finding of disability." *Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990). Also, "[a] generalized assertion of functional problems is not enough to establish disability at step three." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). Whether a claimant's impairment meets a listing is an administrative finding dispositive of whether the claimant is disabled, and thus, it is an issue reserved to the Commissioner. 20 C.F.R. § 404.1527(e)(iii)(2).

Here, Dr. Pierce's examination report does *not* support a finding that Plaintiff meets Listing 12.04. (*See* AR at 785-93.) Nowhere in the record does Dr. Pierce assess the "extreme" or "marked" limitations set forth by Plaintiff. (*See generally id.*; Joint Stip. at 14-16.) In particular, Dr. Pierce found that Plaintiff "evidences adequate intellectual capability, with fairly capable cognitive capacity demonstrated overall [] regarding her current capacity for work." (AR at 791.) She "clearly retains the native mental capacity to complete medium-to-higher-demand vocational skills and to adapt to minimal changes in a work environment." (*Id.*) While Dr. Pierce did note "possibly not clinically targeted PTSD" that might effect Plaintiff's ability to work "without focused clinical intervention," Plaintiff's treating physician, Dr. Beck, acknowledged that he was providing such therapy to Plaintiff. (*Id.* at 717, 723, 791.)

Additionally, the signatures of the two State agency reviewing physicians on Plaintiff's disability determination and transmittal forms provide additional evidence that Plaintiff did not meet or equal a listing. (*See id.* at 65-66); SSR 96-6p, 1996 WL 374180 ("The signature of a State agency medical or psychological consultant on an

4

1  SSA-831-U5 (Disability Determination and Transmittal Form) or SSA-832-U5 or
2  SSA-833-U5 (Cessation or Continuance of Disability or Blindness) ensures that
3  consideration by a physician (or psychologist) designated by the Commissioner has
4  been given to the question of medical equivalence at the initial and reconsideration
5  levels of administrative review.").

6  Thus, the ALJ properly found that Plaintiff did not meet Listing 12.04.

7  C.  The ALJ Properly Determined Plaintiff's RFC

8  In her next claim, Plaintiff argues that the ALJ's assessment of her RFC was
9  improper. (*See* Joint Stip. at 19-23.) However, Plaintiff bases her arguments on the
10 findings of Dr. Beck, whom the ALJ properly discounted, as described above. (*See*
11 *id.*) Moreover, the ALJ's finding that Plaintiff has the maximum RFC to perform
12 only simple jobs in a low stress environment, and requires her to follow only simple
13 instructions, is consistent with Drs. Pierce and Ngati's clinical findings, and the
14 record as a whole. (*See* AR at 27, 502-07, 785-93.) Plaintiff's RFC is also
15 consistent with the opinions of all of the reviewing physicians: Dr. Gregg, (*id.* at
16 513, 525-27); Dr. Dudley, (*id.* at 584, 588-89); and Dr. Beig. (*Id.* at 587, 589.)

17 As such, substantial evidence supports the ALJ's RFC determination.

18 D.  The ALJ Properly Evaluated Plaintiff's Credibility

19 Plaintiff also insists that the ALJ improperly evaluated her credibility. (*See*
20 Joint Stip. at 23-25, 29-30.)

21 An ALJ can reject a claimant's subjective complaints by expressing clear and
22 convincing reasons for doing so. *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030,
23 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must
24 identify what testimony is not credible and what evidence undermines the claimant's
25 complaints." *Lester*, 81 F.3d at 834.

26 Here, the ALJ provided *three* clear and convincing reasons in support of his
27 credibility determination.

28

1          First, the ALJ properly determined that Plaintiff's daily activities were
2   inconsistent with her allegation of complete disability.  (AR at 28); *Molina v. Astrue*,
3   674 F.3d 1104, 1113 (9th Cir. 2012) (An "ALJ may discredit a claimant's
4   testimony when the claimant reports participation in everyday activities indicating
5   capacities that are transferable to a work setting[.]  Even where those activities
6   suggest some difficulty functioning, they may be grounds for discrediting the
7   claimant's testimony to the extent that they contradict claims of a totally debilitating
8   impairment.") (citations omitted).
9          In this case, Plaintiff reported that she took care of her daughter, did some
10  light household chores, was able to drive her car, talked on the telephone, prepared
11  meals, watched television, shopped in stores and online, took care of pets, and
12  worked out.  (AR 52, 252-55.)  At least some of these activities are transferable to a
13  job setting.  Moreover, they undermine Plaintiff's allegation of total disability.
14         Second, the ALJ properly found that Plaintiff's subjective complaints and
15  alleged limitations are out of proportion with  the objective clinical findings.  (AR at
16  27-28); *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (inconsistencies
17  with objective evidence, when combined with other factors, is a valid reason for
18  rejecting a claimant's testimony).
19         Third, the ALJ properly noted that, at Plaintiff's hearing, he observed no signs
20  of any physical or mental disability.  (*See* AR at 40-58, 83); *Drouin v. Sullivan*, 966
21  F.2d 1255, 1258-59 (9th Cir. 1992) (holding that, along with other evidence, an
22  ALJ's observations during the hearing can constitute substantial evidence supporting
23  a credibility assessment).
24         Accordingly, the ALJ provided clear and convincing reasons for rejecting
25  Plaintiff's credibility.
26         E.     <u>The ALJ Properly Considered the Lay Witness Statements</u>
27         Finally, Plaintiff argues that ALJ improperly rejected the statements of her
28  fiancé, Rodney Thompson.  (*See* Joint Stip. at 25.)

6

The ALJ may only discount the testimony of lay witnesses if he provides specific "reasons that are germane to each witness." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); *accord Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.").

Here, the ALJ rejected Mr. Thompson's statements to the extent that they were inconsistent with the objective evidence. (AR at 27.) "One [germane] reason for which an ALJ may discount lay witness testimony is that it conflicts with medical evidence." *Lewis*, 236 F.3d at 511; *see Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (inconsistency with medical evidence is a germane reason for discrediting the testimony of a lay witness). As discussed above, there is no objective medical evidence in the record to support Mr. Thompson's statements as to Plaintiff's level of incapacity. Thus, the ALJ's rejection of Mr. Thompson's statements is supported by substantial evidence and was not made in error.

For the above reasons, the Court further finds that substantial evidence supported the ALJ's decision that Plaintiff was not disabled. *See Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

Dated: February 28, 2014

_____
Hon. Jay C. Gandhi
United States Magistrate Judge